## SETTLEMENT AGREEMENT, GENERAL RELEASE AND COVENANT NOT TO SUE

This Settlement Agreement, General Release and Covenant Not to Sue (the "Settlement Agreement") is entered into by and between Charles Conner, Jr. ("Conner" or "Employee") and The Board of Trustees of the University of Illinois. ("the University") Conner and the University are sometimes referred to herein individually as a "Party" and collectively as the "Parties."

### RECITALS

A. Conner was hired by the University as an Auto Technician in the garage located on the Chicago campus of the University of Illinois ("UIC") on April 16, 2012. He remains employed by the University at UIC where he currently is a Garage Foreman.

B. In 2014, Conner filed Charge No. 440-2014-06797 ("the Charge") with the U.S. Equal Opportunity Commission. The Charge alleges claims of violations of Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000e, *et seq.*, including racial harassment discrimination, and retaliation. Conner also claims based upon the same facts that the University violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; and also sets forth claims against an Executive Associate Vice Chancellor for the University, Michael Landek, pursuant to 42 U.S.C. § 1983. On approximately September 4, 2015, Conner received a Notice of Right to Sue Letter from the U.S. Department of Justice, Civil Rights Division (Employment Litigation Section) (hereinafter referred to as "Conner's Claims").

C. On December 1, 2015, the Parties entered into a Tolling Agreement that tolled any limitations period applicable to Conner's Claims through and including December 17, 2015. On December 17, 2015, the Parties amended that Tolling Agreement by changing the December 17, 2015 date to December 22, 2015.

D. The Parties want to resolve this matter and avoid further controversy, litigation, costs, legal fees, and inconvenience.

### SETTLEMENT AGREEMENT

Now, therefore, in consideration of the recitals set forth above and the mutual promises, conditions and covenants set forth below, the Parties agree as follows:

1. Settlement Sum.

   1.1. In full and final settlement of all disputes, claims or charges that may exist between Conner and the University, including, but not limited to, Conner's Claims and the Released Claims as defined below, the University shall pay to Conner the "Settlement Sum" at the time and on the terms and conditions described in Paragraph 1.2 below.

   1.2. Consideration. Conner and the University agree that in consideration for signing

1



this Settlement Agreement, and complying with its terms, within twenty-one (21) days after the Effective Date, as provided in Section 2.4 below, the University shall pay Conner the total gross amount of Two Hundred Fifty Thousand Dollars ($250,000.00) in two checks payable as follows:

    (a) One check payable to Conner in the amount of One Hundred Fifty Thousand Dollars ($150,000.00). The University shall issue to Conner an IRS Form 1099 in the amount of $250,000.00.

    (b) One check payable to the Law Offices of Joshua Friedman PC in the amount of One Hundred Thousand Dollars ($100,000.00) The University shall issue to the Law Offices of Joshua Friedman PC an IRS Form 1099 in the amount of $100,000.00.

    (c) This payment does not represent payment for services and is not subject to SURS withholding.

    (d) The above checks shall be delivered to Law Offices of Joshua Friedman PC at 1050 Seven Oaks Lane, Mamaroneck, NY 10543. Conner's counsel shall provide an IRS Form W-9 for this entity to the University's counsel prior to the Effective Date.

    (e) Conner shall be fully responsible for any and all tax liabilities that might be asserted with respect to the University's payments made pursuant to this Settlement Agreement. Conner agrees to indemnify and hold harmless the University from any and all penalties, taxes and interest that any and all applicable taxing authorities may claim for these sums.

    1.3. The Parties agree that this total payment shall be in full and final satisfaction of all claims for damages (asserted or unasserted, known or unknown) by Conner against the University, including without limitation all claims for damages, attorneys' fees, costs or other relief that were or could have been alleged in Conner's Claims. Conner understands and agrees that he would not receive the monies specified in Paragraph 1.2 above, except for Conner's execution of this Settlement Agreement and the fulfillment of the promises contained herein.

2. <u>Complete and General Release.</u>

    2.1. In consideration of the promises herein, Conner on behalf of himself and his heirs, executors, administrators, agents or assigns, hereby knowingly and voluntarily releases and forever discharges the University and its current and former trustees, employees, officers, directors, managers, attorneys, representatives, administrators, insurers and agents, including but not limited to Michael Landek, both individually and in their official capacities ("Releasees", "Released Parties", or "Released Party"), of and from any and all claims, known or unknown, asserted or unasserted, liquidated or unliquidated, absolute or contingent, in law or in equity, which Conner has or may have against the Releasees as of the date of execution of this Settlement Agreement, including, but not limited to any alleged violation of the Illinois Human Rights Act, as amended; any alleged violation of Title VII of the Civil Rights Act of 1964, as

2

amended; any violation of the Americans with Disabilities Act, and the Rehabilitation Act of 1973, as amended; the Family and Medical Leave Act (FMLA), Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; and 42 U.S.C. § 1983, the Age Discrimination in Employment Act of 1967 ("ADEA"), and any other federal, state or local law, rule, regulation, constitution, statute, order or ordinance; any public policy, contract, promissory estoppel, tort, or common law theory; and any claims relating in any way to his employment by the University, including but not limited to claims for racially hostile environment, discrimination or retaliation; and any basis for recovering costs, fees or other expenses including attorney's fees incurred in these matters. Conner acknowledges that this Release includes disputes, if any, regarding backpay, vacation pay, sick pay, floating holiday pay or for any other benefits (the "Released Claims"). Conner further waives any right to any form of recovery, compensation or other remedy in any action brought by Conner or on Conner's behalf for any and all Released Claims.

2.2. Conner represents and warrants that there has not been and there will be no assignment, subrogation or other transfer of any interest in any of the Released Claims. Conner agrees to indemnify and hold the Released Parties, and each of them, harmless from any liability, claims, demands, costs, expenses and attorneys' fees incurred by the Released Parties, or any of them, as a result of any person asserting any such assignment or transfer of any rights to claims under any such assignment or transfer.

2.3. Conner agrees and hereby stipulates to the following: (i) during his employment with the University, he has been allowed to take all leave and afforded all other rights to which he is entitled under the FMLA; and (ii) neither the University nor any Released Party has in any way interfered with, restrained or denied Conner's exercise of (or attempt to exercise) his FMLA rights, and neither the University nor any Released Party has discriminated against Conner for exercising (or attempting to exercise) any such rights.

2.4. By signing this Settlement Agreement, Conner understands that he is waiving rights he may have under the ADEA. Conner acknowledges that he has been given a period of at least twenty-one (21) days within which to consider this Settlement Agreement. Conner understands that he may revoke his acceptance of this Settlement Agreement in writing during the seven (7) days following his execution of this Settlement Agreement and that this Settlement Agreement will not become effective until that seven (7) day revocation period has expired without revocation. The "Effective Date" means the date eight (8) days after Conner has executed this Settlement Agreement, provided that as of that date he has not revoked his acceptance and that the University has received the executed Settlement Agreement. Facsimile and original signatures shall be treated the same for purposes of the Effective Date.

2.5. Conner's Released Claims do not include claims for workers' compensation benefits filed with the applicable state agencies. Conner's General Release does not bar a challenge under the Older Workers Benefit Protection Act ("OWBPA") as to the enforceability of this waiver and release of claims under the ADEA alone. This General Release does not apply to claims that cannot be released, claims to enforce the terms of this Settlement Agreement or claims which arise after the execution of this Settlement Agreement.

3. <u>Claims Pending.</u>

3.1. Conner represents and warrants that: (i) he does not have any claims pending against the Releasees, and will not file any complaint or assert any claim against any Released Party based upon any Released Claims; (ii) he has no other claims against Releasees pending before any court, agency or other person/entity; and (iii) no attorney has filed or otherwise asserted any attorneys' fee lien concerning his claims against the University. Conner further represents that he has not incurred any unresolved wage claim while working at the University.

4. No Other Amounts Owed.

4.1. The Settlement Sum provided for in Section 1 shall constitute the entire and only financial obligation of the University to Conner under this Settlement Agreement.

5. Non-Admission; Statements.

5.1. This Settlement Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as an admission by the Releasees of any: (i) liability or wrongdoing; (ii) breach of any agreement; (iii) violation of a statute, law or regulation; or (iv) a waiver of any defenses as to those matters within the scope of this Settlement Agreement. The University specifically denies any liability or wrongdoing. Employee agrees that he will not state, suggest or imply the contrary to anyone other than his immediate family. Employee further acknowledges and agrees that he will not make any negative public statements, comments, or communication in any form, in disparagement of the Released Parties, either directly or indirectly, whether through counsel or otherwise concerning Conner's Claims. The University agrees that promptly upon its execution of this Settlement Agreement it will instruct Michael Landek that he likewise personally is not to make any negative public statements, comments, or communication in any form, in disparagement of Conner, either directly or indirectly, whether through counsel or otherwise concerning Conner's Claims. Conner may reveal the terms of the Settlement Agreement to his attorneys, tax advisors, and immediate family, or where otherwise required by law. With respect to statements to any other persons concerning Conner's Claims and the Settlement Agreement, Conner shall state only that his claims have been fully resolved. Employee acknowledges that this Settlement Agreement and General Release is intended to be a resolution of disputed claims and that Employee is not a "prevailing party."

6. Covenant Not To Sue.

6.1. Conner acknowledges and agrees that all disputes between himself and the Released Parties have been fully and finally settled to his complete satisfaction, leaving no disputes, controversies, claims or grievances of any kind between Conner and the Released Parties. Conner therefore covenants and agrees to the extent permitted by law, that he will not raise or in any way pursue any claims which are being released and discharged in this Settlement Agreement in any form of any kind, including, without limitation, the federal, state or local courts, or federal, state or local agencies or offices of any kind, be they administrative, regulatory, judicial, quasi-judicial, or otherwise. Conner understands that this Covenant does not prohibit him from participating in an investigation conducted by a government agency, but does waive his right to any relief if any agency (such as the Equal Employment Opportunity Commission) pursues any claims on his behalf.

4

7. <u>Cooperation by Conner</u>

7.1. Conner agrees to cooperate reasonably with any further review the University may conduct concerning any of his Released Claims. Conner further agrees that if he believes that he is being discriminated against at any point in the future, he will identify in timely fashion any such concern to the Office of Access and Equity ("OAE") under OAE's usual procedures (without limitation of his rights under the CBA or his opportunity to raise any issue with his supervisors).

8. <u>Breach or Threatened Breach of Settlement Agreement.</u>

8.1. Conner agrees that in the event of any breach of his obligations under this Settlement Agreement, including but not limited to those set forth in Section 7, the University's obligations under this Settlement Agreement shall immediately cease and terminate. Conner further agrees that any such breach will cause irreparable damage and, therefore, in addition to any other remedies at law or in equity or under this Settlement Agreement available to the University, the University is entitled to specific performance or injunctive relief to prevent such damage or breach.

9. <u>Miscellaneous.</u>

9.1. This Settlement Agreement shall not be subject to attack on the ground that any or all of the legal theories or factual assumptions used for negotiating purposes are for any reason inaccurate or inappropriate.

9.2. This Settlement Agreement represents the sole and entire agreement between the Parties and supersedes any and all prior agreements, negotiations and discussions between the Parties hereto and/or their representatives concerning Conner's claims and the subject matters of this Settlement Agreement. Any modification, amendment or change to this Settlement Agreement must be in writing specifically referring to this Settlement Agreement and must be signed by duly authorized representatives of all of the Parties.

9.3. This Settlement Agreement shall be construed as a whole in accordance with the laws of the State of Illinois. The Parties agree that the language of this Settlement Agreement shall not be construed for or against any particular party merely because that party or its attorneys prepared, drafted or proposed such language.

9.4. The provisions of this Settlement Agreement are severable. If any provision is held to be invalid or unenforceable, it shall not affect the validity or enforceability of any other provision.

9.5. Conner acknowledges that he was informed that he has the right to consult with an attorney of his own choosing before signing this Settlement Agreement and that this Paragraph shall constitute written notice of the right to be advised by competent legal counsel of his own choosing in connection with the review and execution of this Settlement Agreement, and that Conner has had an opportunity to and did negotiate the terms of this Settlement Agreement and consult counsel of his choosing about this Settlement Agreement.

9.6. Conner acknowledges and agrees that: (i) he has read this Settlement Agreement in its entirety; (ii) the Settlement Agreement is written in a manner calculated to be understood by him and that he fully understands its meaning and effect; (iii) he is executing this Settlement Agreement voluntarily and of his own free will with full knowledge of its significance; (iv) he is not waiving rights or claims that may arise after the date this Settlement Agreement is executed; (v) the payments and benefits provided herein include payments and benefits to which he would not have otherwise been entitled; and (vi) he has been advised by the University in writing to consult with an attorney prior to executing this Settlement Agreement and has done so.

9.7. This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed an original as against any party whose signature appears thereon and all of which together shall constitute one and the same instrument. Notwithstanding the foregoing, each party hereto shall execute two originals of this Settlement Agreement and shall provide the other party with the signed originals within ten (10) days of executing this Settlement Agreement.

**THIS DOCUMENT INCLUDES THE RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS AS OF THE DATE OF THIS SETTLEMENT AGREEMENT AND EMPLOYEE HAS READ THIS DOCUMENT CAREFULLY.**

CHARLES CONNER, JR.

THE BOARD OF TRUSTEES OF
THE UNIVERSITY OF ILLINOIS
By:

_____
Charles Conner, Jr.
Date 12/21/15

_____
Walter K. Knorr
Date
Comptroller

6

9.6. Conner acknowledges and agrees that: (i) he has read this Settlement Agreement in its entirety; (ii) the Settlement Agreement is written in a manner calculated to be understood by him and that he fully understands its meaning and effect; (iii) he is executing this Settlement Agreement voluntarily and of his own free will with full knowledge of its significance; (iv) he is not waiving rights or claims that may arise after the date this Settlement Agreement is executed; (v) the payments and benefits provided herein include payments and benefits to which he would not have otherwise been entitled; and (vi) he has been advised by the University in writing to consult with an attorney prior to executing this Settlement Agreement and has done so.

9.7. This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed an original as against any party whose signature appears thereon and all of which together shall constitute one and the same instrument. Notwithstanding the foregoing, each party hereto shall execute two originals of this Settlement Agreement and shall provide the other party with the signed originals within ten (10) days of executing this Settlement Agreement.

**THIS DOCUMENT INCLUDES THE RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS AS OF THE DATE OF THIS SETTLEMENT AGREEMENT AND EMPLOYEE HAS READ THIS DOCUMENT CAREFULLY.**

CHARLES CONNER, JR.

THE BOARD OF TRUSTEES OF
THE UNIVERSITY OF ILLINOIS
By:

_____
Charles Conner, Jr.
Date

*Walter K. Knorr* (signature)
Walter K. Knorr
Date  12/21/15
Comptroller

6