**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division**

| | |
|---|---|
| CHARLIE CONNER,<br><br>    Plaintiff,<br>v.<br><br>THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS,<br>    Defendant. | Case No: 1:19-cv-00846-MSS-SIS<br><br>**JOINT INITIAL STATUS REPORT** |

    Now comes Plaintiff and Defendant, and jointly present their Rule 26(f) Report. Pursuant to Fed. R. Civ. P. 26(f) and Court Order (Dkt. No. 12), a conference was held on May 29, 2019. Participants to the conference were Rebecca Houlding and Jesse Centrella for Plaintiff, and Thomas J. Koch and Seth M. Rosenberg for Defendant.

**1.    The Nature of the Case**

    a.    <u>Identify the attorneys of record for each party, including the lead trial attorney</u>

    Plaintiff's Attorneys of Record**:** Rebecca Joan Houlding (lead trial attorney) and Jesse Centrella of Friedman & Houlding LLP; Max Barack (local counsel) of Favaro & Gorman, Ltd.

    Defendant's Attorneys of Record**:** Stephen H. Pugh (lead trial attorney), Thomas J. Koch, and Seth Mann Rosenberg of Pugh, Jones & Johnson, P.C.

    b.    <u>State the basis for federal jurisdiction</u>

    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(4), and supplemental jurisdiction pursuant to 28 U.S.C. §1367 and 740 ILCS 23/5(b).

    c.    <u>Describe the nature of the claims asserted in the complaint and any counterclaims</u>

    Plaintiff's Am. Complaint (Dkt. No. 9) asserts counts of retaliation and disparate treatment. In Counts I and III, Plaintiff alleges that Defendant violated Title VII and the ICRA when it subjected him to materially adverse actions after he complained of discrimination, including *inter*

*alia,* subjecting him to increased racial harassment, physical threats and intimidation, excessive monitoring and scrutiny, denial of overtime, and depriving him adequate support in his role as Foreman. In Counts II and IV, Plaintiff alleges that Defendant discriminated against him on the basis of his race in violation of Title VII and the ICRA by, *inter alia,* depriving him of overtime opportunities in favor of white workers, subjecting him to excessive monitoring and scrutiny, and denying him adequate support so that he was unable to fully perform his role as Foreman.

      d.      State the major legal and factual issues anticipated in the case

With respect to Plaintiff's retaliation claims, major legal and factual issues include: (1) whether Plaintiff engaged in protected activity; (2) whether Defendant subjected Plaintiff to materially adverse employment actions; (3) whether there is a causal connection between Plaintiff's protected activity and Defendant's adverse actions. With respect to Plaintiff's disparate treatment claims, major legal and factual issues include: (1) whether Plaintiff is a member of a protected class; (2) whether Plaintiff met Defendant's legitimate business expectations; (3) whether Defendant subjected Plaintiff to adverse actions; (4) whether Defendant's adverse employment actions were made under circumstances giving rise to an inference of discrimination.

Defendant states: Additional legal and factual issues will include whether Plaintiff can bring two Title VII actions alleging similar facts in separate federal jurisdictions; whether Plaintiff's current action for retaliation and disparate treatment can be based on conduct or events occurring prior to his December 21, 2015 Settlement Agreement, General Release and Covenant Not to Sue; whether Plaintiff's failure to report his alleged claims to the University's Office of Access and Equity as required in Paragraph 7.1 of his Settlement Agreement and as required by University policy for reporting by supervisors precludes him from filing this Title VII action; whether Plaintiff's claims for alleged conduct occurring more than 300 days before filing his EEOC charge on July 18, 2018, are time barred; whether Plaintiff's alleged denial of overtime

even qualifies as a materially adverse action necessary to support his claims; whether University overtime sheets required by the Collective Bargaining Agreement between Teamsters Local 700 and the University will refute that overtime was denied; whether Plaintiff's failure to file a grievance through his union for each perceived denial of overtime constitutes a failure to exhaust administrative remedies or failure to mitigate damages; whether Plaintiff is bound by the Circuit Court of Cook County's finding that James McNamara was not guilty of assault, and the arbitrator's findings in reinstating McNamara with backpay when pleading any allegations regarding the McNamara matter; and whether Plaintiff's claims are barred by the Doctrine of Laches.

   e. <u>Describe the relief sought by Plaintiff</u>

Plaintiff seeks a judgment for violations of Title VII and the ICRA, compensatory damages for emotional distress, economic damages for lost wages, an award of pre-judgment interest, attorney's fees and costs, and any other relief the Court deems just and equitable.

**2.** **Mandatory Initial Discovery (Pilot Program)**

   a. <u>Acknowledge familiarity with the Mandatory Initial Discovery Standing Order.</u>

The parties acknowledge familiarity with the Amended Standing Order Regarding Mandatory Initial Discovery Pilot Project ("MIDP"), as amended December 1, 2018.

   b. <u>[S]tate the deadline for responses (30 days after filing of the answer)[.]</u>

Defendant filed its Mot. to Strike and Dismiss Pl.'s Am. Compl. Pursuant to Rules 8(A), 12(F) And 12(B)(6) (Dkt. No. 15) on May 20, 2019. Pursuant to the Am. Standing Order Regarding Mandatory Initial Discovery Pilot Project A(3), A(4), and absent a Court order requiring a responsive pleading to Pl.'s Am. Compl., the deadlines for responses under the MIDP have not been triggered. *See also* MIDP changes effective December 1, 2018.

   c. <u>Briefly describe any disputes concerning the [MIDP] responses</u>

The parties discussed the MIDP during their May 29, 2019 Rule 26(f) conference and did not have any disputes concerning their anticipated MIDP responses.

**3.**     **Pending Motions and Case Plan**

    a.     <u>Identify all pending motions</u>

        i.     Dkt. No. 15: *Defendant's Motion to Strike and Dismiss Plaintiff's Amended Complaint Pursuant to Rules 8(A), 12(F) And 12(B)(6)*

    b.     <u>Submit a proposal for a discovery plan, including the following information:</u>

        i.     *The general type of discovery needed*

The parties will conduct discovery under Fed. R. Civ. P. 26, 30, 31, 33, 34, 35, and/or 36 on the claims set forth in Plaintiff's Am. Compl., the defenses expected to be raised in Defendant's Answer when due, the elements of each cause of action, and Plaintiff's alleged damages, as well as any other relevant areas that should develop during the case.

The parties agree to produce documents and ESI in searchable-PDF form, with metadata included where applicable. The parties reserve the right to receive ESI in native format where necessary. The parties agree that documents and information shall be produced via electronic transfer, rather than through hard disk or hard copy format.

In light of the number of witnesses with relevant knowledge that the parties anticipate will be disclosed in their respective MIDP responses, or otherwise disclosed during discovery, Plaintiff may seek to exceed the ten-deposition limit of Fed. R. Civ. P. 30. Plaintiff may propose an alternative wherein the parties may exceed ten depositions so long as the number of hours of deposition testimony per party does not exceed 70 hours. The parties were unable to reach an agreement as to this issue during their May 29, 2019 Rule 26(f) conference but agreed to revisit the issue during the June 21, 2019 Initial Status Hearing.

The parties may retain experts to testify as to Plaintiff's emotional distress damages claim. The expert(s)' identity, expert disclosures and expert reports will be produced in conformity with

Fed. R. Civ. P. 26 and the Court's scheduling order. The parties may retain additional experts, consistent with Fed. R. Civ. P. 26 and the Court's scheduling order.

        ii.     *A date for Rule 26(a)(1) disclosures*:

Not Applicable. *See* Mandatory Initial Discovery Users' Manual ¶2(c).

        iii.    *A date to issue written discovery*

Written discovery shall be issued no earlier than 30 days after the MIDP deadline.

        iv.    *A fact discovery completion date*

Fact discovery shall be completed 10 months after the MIDP deadline.

        v.    *If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports*

(1) Plaintiff's expert report(s) shall be served 11 months after the MIDP deadline; (2) deposition of Plaintiff's expert(s) shall be completed 12 months after the MIDP deadline; (3) Defendant's expert report(s) shall be served 13 months after the MIDP deadline; (4) deposition of Defendant's expert(s) shall be completed 14 months after the MIDP deadline.

        vi.    *A date for the filing of dispositive motions*

Dispositive motions shall be filed no later than 45 days after the close of fact discovery.

    c.    <u>With respect to trial, indicate whether a jury trial is requested and the probable length of trial</u>

The parties request a jury trial and anticipate trial will require ten (10) business days.

**4.    Consent to Proceed Before a Magistrate Judge**

The parties do not consent to proceed with this matter before a magistrate judge.

**5.    Status of Settlement Discussions**

The parties have not initiated settlement discussions, and do not request a settlement conference at this time.

Dated: June 3, 2019
Respectfully submitted: (Signature page follows)

By: /s/ Rebecca Houlding
    Rebecca Houlding
    Joshua Friedman
    Jesse Centrella
    **FRIEDMAN & HOULDING LLP**
    1050 Seven Oaks Lane
    Mamaroneck, NY 10543
    888.369.1119 x 5
    866.731.5553
    rebecca@friedmanhoudingllp.com

    *Counsel for Plaintiffs*

Max Barack
Favaro & Gorman, Ltd.
835 Sterling Avenue
Suite 100
Palatine, Illinois 60067
Tel.: 847-934-0060 ext. 138
Fax: 847-934-6899

*Local Counsel*

By: */s/ Stephen H. Pugh*
    Stephen H. Pugh
    Thomas J. Koch
    Seth M. Rosenberg
    Pugh, Jones & Johnson, P.C.
    180 North LaSalle Street, Suite 3400
    Chicago, IL 60601
    312-768-7814
    tkoch@pjjlaw.com

    *Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 3, 2019, I will electronically file the foregoing Joint Initial Status Report with the Clerk of Court using the CM/ECF system, which will then send notification of such filing (NEF) to all counsel of record, including the following:

Stephen H. Pugh
Thomas J. Koch
Seth M. Rosenberg
Pugh, Jones & Johnson, P.C.
180 North LaSalle Street, Suite 3400
Chicago, IL 60601
312-768-7814
tkoch@pjjlaw.com

*Counsel for Defendant*

 

                        By: /s/ Rebecca Houlding
                        Rebecca Houlding
                        **FRIEDMAN & HOULDING LLP**
                        1050 Seven Oaks Lane
                        Mamaroneck, NY 10543
                        888.369.1119 x 5
                        866.731.5553
                        rebecca@friedmanhoudingllp.com