IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLIE CONNER,<br><br>    Plaintiff,<br><br>v.<br><br>THE BOARD OF TRUSTEES FOR THE UNIVERSITY OF ILLINOIS<br><br>    Defendant. | Case No. 19-CV-00846<br><br>Honorable Manish S. Shah |

**DEFENDANT'S OBJECTION TO MOTION FOR LEAVE TO FILE SUR REPLY**

Defendant, the Board of Trustees for the University of Illinois (the "University"), submits the following objection to Plaintiff's Motion for Leave to File Sur Reply in Further Opposition to Defendant's Motion to Strike and Dismiss Plaintiff's Amended Complaint Pursuant to Rules 8(A), 12(F) and 12(B)(6) (the "Motion").

1. Plaintiff seeks to file a sur reply to correct what he claims is an erroneous analysis of the Title VII venue provision in the University's reply brief (Dkt. 34). This sur reply is immaterial as the issue of whether Conner's claims would be proper for venue purposes in the Central District of Illinois is not relevant to the core issue presented by the University's Motion— whether Plaintiff has engaged in improper claim splitting and duplicative litigation. The Court's decision on that issue is controlled only by the law governing a court's power to dismiss a claim when the Court determines that duplicative litigation is judicially inefficient and disputes between the same parties should be addressed in one lawsuit.

2. The question of venue under Title VII only becomes relevant if the Court were to grant the University's Motion on the merits and then took up consideration of dismissal or transfer.

It is in that context that the University offered footnote 3 in its reply (Dkt. 34 at 4 n.3) claiming that venue would be proper in the Central District of Illinois under 42 U.S. §2000-5(f)(3) because that is the judicial district where the University's office is located.

3. On the merits, Plaintiff's sur reply is incorrect in claiming that the Central District of Illinois is an improper venue for Conner's lawsuit.

4. The Title VII venue provision includes four venue options:

> (1) any judicial district in the State in which the unlawful employment practice is alleged to have been committed;
>
> (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered, or
>
> (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice;
>
> But if the respondent is not found within any such district, such action may be brought:
>
> (4) within the judicial district in which the respondent has his principal office.

42 U.S.C. §2000e-5(f)(3)

5. Though the University's footnote referred to the fourth option, venue is proper under option one because there is no dispute that Illinois is the "State in which the unlawful practice is alleged to have been committed." 42 U.S.C. §2000e-5(f)(3) (Dkt. 9).

6. Plaintiff's proposed sur reply misreads venue option one. Plaintiff claims Title VII's venue provision "compelled filing in a judicial district in which the practice was alleged to have been committed or the employment records are maintained." (Dkt. 37-1 p. 2) Plaintiff's reading of Title VII's venue provision ignores the phrase "any judicial district *in the State*" that directly precedes "in which the unlawful employment practice is alleged to have been committed." (emphasis added) By ignoring "*in the State*" Plaintiff overlooks the fact that any judicial district in Illinois is a proper venue for Conner's lawsuit.

7. Plaintiff's interpretation of the venue provision has been rejected by the courts in this Circuit. In *Garus v. Rose Acre Farms, Inc.*, 839 F. Supp. 563, 566 (N.D. Ind. 1993), the court held that venue is not restricted to the district where the misconduct occurred but is proper in any district in that state. *Id.* To conclude otherwise "renders the statute's 'in the state' language surplusage. The better construction is that 'venue is not limited to the *judicial district* in which the alleged unlawful acts occurred, but is appropriate under Title VII in any judicial district located in the *state* in which the alleged unlawful acts occurred." *Id.* (emphasis in original). The Court added that "Congress has determined that no distinction is to be drawn between district in multi-district states based on the location of the district *vis-à-vis* the place where the alleged misconduct occurred." *Id.*

8. In *Doage v. Board of Regents,* 950 F. Supp. 258, 259 (ND. Ill. 1997), the court held that venue in the Northern District of Illinois was proper even though the unlawful employment practice occurred in Normal, Illinois a city within the Central District because Normal is "an Illinois city." See also, *Mandewah v. Wisconsin Dep't of Corrections,* No. 07 C 0410, 2007 WL 4302790 at *1 (E.D. Wisc. Dec. 6, 2007) ("the alleged unlawful employment practice occurred in Wisconsin. Therefore, venue is proper in both this district [E.D. Wisc.] and in the Western District of Wisconsin.")

9. Though it is not relevant for resolution of the merits of the University's motion, these cases establish that contrary to Plaintiff's claim in its proposed sur reply, venue in the Central District of Illinois is proper for Conner's claim because it is a judicial district in Illinois, the state in which the unlawful employment practice is alleged to have occurred. Thus, Conner could have—and should have—brought his individual claims as part of the prior filed Class Action.

WHEREFORE, for the foregoing reasons, the University respectfully request that its Objection be sustained and the Motion for Leave to File Sur Reply in Further Opposition to Defendant's Motion to Strike and Dismiss Plaintiff's Amended Complaint Pursuant to Rule 8(A), 12(F) and 12(B)(6) be denied.

Respectfully submitted,

The Board of Trustees for the
University of Illinois


By: /s/Stephen H. Pugh
    One of Its Attorneys

Stephen H. Pugh (ARDC# 2262177)
  spugh@pjjlaw.com
Thomas J. Koch (ARDC# 6188501)
  tkoch@pjjlaw.com
Seth Mann Rosenberg (ARDC# 6279711)
  srosenberg@pjjlaw.com
Pugh, Jones & Johnson, P.C.
180 North LaSalle Street, Suite 3400
Chicago, Illinois 60601
Telephone: (312) 768-7800
Facsimile: (312) 768-7801

CERTIFICATE OF SERVICE

I, Stephen H. Pugh, an attorney, certify that I shall cause to be served a copy of Defendant The Board of Trustees for the University of Illinois' *Objection to Motion for Leave to File Sur Reply,* upon the following individual(s), by deposit in the U.S. mail box at 180 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, same-day personal delivery by messenger, Federal Express overnight delivery, facsimile transmitted from (312) 768-7801, or Case Management/Electronic Case Filing System ("CMECF"), as indicated below, on July 18, 2019.

| | | |
|---|---|---|
| ☒ | E-Filing | **Attorney for Plaintiff** |
| ☐ | Facsimile/___ Pages | Rebecca Houlding |
| ☐ | Federal Express | Friedman & Houlding LLP |
| ☐ | U.S. Mail | 1050 Seven Oaks Lane |
| ☐ | Messenger | Mamaroneck, New York 10543 |
| ☐ | Electronic Mail | (888) 369-1119 ext. 5 |
| | | (866) 731-5553 |
| | | rebecca@friedmanhoudingllp.com |
| ☒ | E-Filing | **Attorney for Plaintiff** |
| ☐ | Facsimile/___ Pages | Jesse Centrella |
| ☐ | Federal Express | Friedman & Houlding LLP |
| ☐ | U.S. Mail | 1050 Seven Oaks Lane |
| ☐ | Messenger | Mamaroneck, New York 10543 |
| ☐ | Electronic Mail | (912) 944-8620 |
| | | (866) 731-5553 |
| | | jesse@friedmanhoudingllp.com |
| ☒ | E-Filing | **Attorney for Plaintiff** |
| ☐ | Facsimile/___ Pages | Max Barack |
| ☐ | Federal Express | Favaro & Gorman, Ltd. |
| ☐ | U.S. Mail | 835 Sterling Avenue, Suite 100 |
| ☐ | Messenger | Palatine, IL 60067 |
| ☐ | Electronic Mail | (847) 934-0060 |
| | | mbarack@favarogorman.com |

/s/ *Stephen H. Pugh*
Stephen H. Pugh