# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLIE CONNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: 1:19-cv-00846 |
| v. | ) | |
| | ) | |
| THE BOARD OF TRUSTEES FOR THE | ) | Hon. Manish S. Shah |
| UNIVERSITY OF ILLINOIS | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO COMPEL PLAINTIFF'S RESPONSE TO DISCOVERY REQUESTS

Defendant, The Board of Trustees of the University of Illinois (the "Board") moves to compel Plaintiff, Charlie Conner ("Conner") to (1) answer the Board's Interrogatories Nos. 14, 19 and 20, Request for Admission No. 5, and Request for Production 14, pursuant to Federal Rules of Civil Procedure ("FRCP") 36(a)(6), 37(a)(3)(B)(i), (iii)–(iv), and (2) Order Conner to answer upcoming deposition questions related to Conner's alleged economic damages and emotional harm.

## INTRODUCTION

Conner has refused to answer the Board's discovery requests intended to determine the basis of Conner's alleged economic and emotional-distress damages resulting from the acts and omissions purportedly underlying his disparate treatment and retaliation claims.[1] (Doc. 9, ¶¶ 1, 110–11.) The Board seeks information related to: (1) Conner's gambling, which he claims is an "emotional injur[y]" resulting from the Board's acts and omissions, (Ex. 1, Resp. to Interrog. 15; Ex. 2, Interrogs., 19-20; Ex. 3, Req. for Admis. 5); (2) his medical records related to his alleged

---

[1] Most of these requests have been pending since before Conner retained new counsel in December 2019

emotional distress, (Ex. 1, Interrog. 14); and (3) his 2019 tax returns—the only returns from the past five years that he has failed to produce, (Ex. 4, Req. for Prod. 14). Conner has objected to answering the discovery arguing that the requests are irrelevant, overbroad, and "prejudicial." Conner's objections are baseless as each disputed request seeks information related to the nature and extent of Conner's alleged damages. The Board also seeks an Order requiring that Conner answer its questions on these topics during his upcoming deposition, noticed for March 2, 2021. The undersigned counsel would not typically make such a preemptive request, but Conner's counsel informed the Board's counsel of his intent to object and instruct Conner not to answer any questions regarding Conner's admitted gambling.

The Board has repeatedly sought to resolve these disputes with Conner to no avail. (Exs. 5, 6, 7, 8.) Having been unsuccessful, the Board moves this Court to compel Conner to answer the Board's discovery requests and Order that Conner be required to answer questions related to his admitted gambling during his upcoming deposition.

## FACTUAL BACKGROUND

Conner alleged disparate treatment and retaliation claims against the Board under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.*, and the Illinois Civil Rights Act of 2003, 740 ILCS 23/5. (Doc. 9, ¶ 1.) He claims that as a result of the Board's acts and omissions he has sustained damages in the form of emotional distress and lost wages. (*Id.* at ¶¶ 110–11.) The Board has sought several categories of information in discovery related to Conner's alleged emotional distress and lost wages. In its first set of requests, the Board sought Conner's tax returns:

> Request for Production 14: All complete federal and state income tax returns, for plaintiff and all supporting documents and attachments including 1099 and W-2

forms and documents itemizing charitable deductions for donated services attached to the returns from 2012 to present.[2]

(Ex. 4, Req. for Prod. 14.) Conner has yet to produce his 2019 tax return. (Ex. 4, Resp. to Req. for Prod. 14.)

Second, the Board sought information identifying Conner's medical treaters and medical records related to his alleged emotional distress:

> Interrogatory 14: Identify and provide addresses and dates of treatment for and all hospitals, medical clinics, outpatient care centers, urgent care centers, pain clinics, and also list all physicians, counselors, or therapists Plaintiff has seen in the past 10 years for medical care.
>
> Interrogatory 15: Identify and describe any psychiatric, psychological and/or emotional injuries you claim in the Amended Complaint as a result of the acts and/or omissions by the [Board] or any physical injuries relating therefrom . . . .

(Ex. 1, Interrogs. 14-15). Conner objected, arguing that the information sought by Interrogatory 14 is "not relevant" and "overly broad and not proportionate to the needs of this case because such requests require an exhaustive review of all potentially responsive information, which exceeds the scope of permissible discovery under Fed. R. Civ. P. 26." (Ex. 1, Resp. to Interrog. 14.) Nevertheless, Conner answered to Interrogatory 15, stating that "[h]e started gambling three to four days per week because that is the only way he could find peace from the constant rumination about his work environment." (Ex. 1, Resp. to Interrog. 15.) Conner identified his gambling as either an "emotional injur[y]" or manifestation thereof. (Ex. 1, Interrog. 15.)

The Board sought additional information regarding Conner's gambling in its second set of interrogatories:

> Interrogatory 18: Identify all establishments where you have gambled or placed a wager of any kind since January 1, 2016, including, but not limited to state-

---

[2] In communications between counsel for Conner and the Board, Request for Production 14 is misnumbered as Request for Production 16. (Exs. 5, 6.) The Board later limited this request to encompass the period from January 1, 2015 to present. (Ex. 6)

sanctioned lotteries, casinos, riverboats, horse tracks, dog tracks, off-track betting locations, sports betting locations, and online/virtual gambling establishments.

(Ex. 9, Interrog. 18.) Conner responded that he had gambled at: (1) Caesars Entertainment, Horseshoe, Hammond, IN; (2) Caesars Entertainment, Caesars, Las Vegas, NV; (3) Caesars Entertainment, Harrah's, Gulf Coast, MS; (4) Caesars Entertainment, Harrah's, Las Vegas, NV; (5) Caesars Entertainment, Harrah's, Joliet, IL; and (6) Four Winds Casino, New Buffalo, MI. (*Id.*, Resp. to Interrog. 18.)

In its most recent set discovery requests, the Board requested more refined information regarding Conner's gambling:

> Interrogatory 19: Identify all amounts that you have won and lost while gambling from January 1, 2016, to present, at the following establishments that you admitted gambling in response to in Interrogatory Number 18:
>
> • Caesars Entertainment, Horseshoe, Hammond, Indiana
> • Caesars Entertainment, Caesars, Las Vegas, Nevada
> • Caesars Entertainment, Harrah's, Gulf Coast, Mississippi
> • Caesars Entertainment, Harrah's, Las Vegas, Nevada
> • Caesars Entertainment, Harrah's, Joliet, Illinois
> • Four Winds Casino, New Buffalo, Michigan"
>
> Interrogatory 20: Identify every establishment where you have gambled or placed a wager of any kind since January 1, 2016, and the amounts that you have won and lost. This request includes, but not limited to, state-sanctioned lotteries, casinos, riverboats, horse tracks, dog tracks, off-track betting locations, and online/virtual gambling establishments.

(Ex. 2, Interrogs. 19–20.)

> Request for Admission 5: Admit that You have lost thousands of dollars gambling in casinos between 2016 and 2019.

(Ex. 3, Req. for Admis. 5.)

For the first time Conner refused to answer discovery regarding his gambling. Conner failed to answer Interrogatory 19, and he objected to answering Interrogatory 20 and Request for Admission No. 5 arguing that the requests "seek[] information that is no[t] relevant and outside

4

the scope of this litigation" and that "the information sought by the [University] is highly prejudicial." (Ex. 10, Resp. to Interrog. 20; Ex. 3, Resp. to Req. for Admis. 5.) Conner's counsel has since indicated in a telephone conference with the Board's counsel that he will not allow Conner to answer questions related to his gambling in his upcoming deposition on the same grounds. (Ex. 7.) The Board now moves the Court to compel Conner to (1) answer Interrogatories 14, 19 and 20 and Request for Admission 5, Request for Production 14, and (2) order Conner to answer gambling-related questions during his upcoming deposition.

## ARGUMENT

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case [] ." Fed. R. Civ. P. 26(b)(1); *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) ("Requests for discovery are relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action.") (emphasis added). If the responding party provides an "evasive or incomplete . . . response" or fails to respond entirely, the party seeking discovery may "move for an order compelling an answer." Fed. R. Civ. P. 37(a)(3)(B)(i), (iii)–(iv), 37(a)(4) (depositions, interrogatories, requests for production); *see also* Fed. R. Civ. P. 36(a)(6) (requests for admission).

The Court has repeatedly noted that "[c]ourts commonly look unfavorably upon significant restrictions placed upon the discovery process" and "[t]he burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish*, 235 F.R.D. at 450 (citing *Rubin v. Islamic Rep. of Iran*, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004)). A responding party cannot satisfy that burden by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Burkybile v.*

5

*Mitsubishi Motors Corp.*, No. 04-C-4932, 2006 U.S. Dist LEXIS 57892, *20 (N.D. Ill. Aug. 2, 2006) (quoting *Swift v. First USA Bank*, No. 98-8238, 1999 U.S. Dist. LEXIS 19474, *18 (N.D. Ill. Dec. 15, 1999)).

Conner's answers (or lack thereof) to the Board's Interrogatories 14, 19, and 20, Request for Production 14, and Request for Admission 5, as well as Conner's counsel's assertion that he will not allow Conner to testify about relevant questions seeking non-privileged responses in his upcoming deposition are the type of evasive or incomplete responses that Rules 36(a)(6) and 37(a) were designed to address. The Court should compel Conner to respond to the Board's discovery requests seeking information regarding Conner's gambling, claimed emotional harm, and tax returns because they are relevant to his emotional-distress and economic damages.

## I. The Board's Inquiries Regarding Conner's Gambling Pertain to Conner's Claims of Emotional Harm.

Conner's admitted gambling is relevant to claims and damages for emotional harm, and he should be required to answer discovery and deposition questions regarding his gambling.

### A. Conner's Gambling is Relevant to his Alleged Emotional Distress Damages.

It is well-established in this Circuit that "[a] party cannot inject his or her psychological treatment, conditions, or symptoms into a case and expect to be able to prevent discovery of information relevant to those issues." *Santelli v. Electro-Motive*, 188 F.R.D. 306, 309, (N.D. Ill. 1999); *Doe v. Oberweis Dairy*, 454 F.3d 704, 718 (7th Cir. 2006) ("If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any record of that state.") Conner injected gambling into this case by admitting that "[h]e started gambling three to four days per week because that was the only way he could find peace from the constant rumination about his work environment" in response to the Board's request for him to identify the emotional injuries he alleged in the Complaint. (Ex. 1, Interrog. 15,

Resp. to Interrog. 15.) Yet, he now objects that Interrogatories 19 and 20 and Request for Admission 5, which seek information regarding the nature and extent of his gambling (e.g., the amount of money his has won and lost, and the frequency with which he gambles), are irrelevant. (Ex. 10, Resp. to Interrog. 20; Ex. 3, Resp. to Req. for Admis. 5.) These Interrogatories are logical inquiries based on Conner's prior admission.

This Court addressed a similar situation in *Raymond v. Ameritech Corp.*, No. 03 C 4509, 2004 U.S. Dist. LEXIS 8083 (N.D. Ill. May 7, 2004). There, the plaintiff sued her former employer for disparate treatment, which caused her to suffer emotional distress. *Id.* at *2. During her deposition, she revealed that she was struggling with financial problems due in part to her gambling debts. *Id.* at *8–9. The court held that "[w]hether the [plaintiff]'s financial problems, including gambling debts, contributed to [her] damages [wa]s clearly an issue that [the defendant] should be allowed to explore." *Id.* at *9–10. Here, Conner's gambling is even more relevant to damages because it is not only a possible source of emotional distress, but a manifestation of emotional distress in itself. (Ex. 1, Resp. to Interrog. 15.) As in *Raymond*, this Court should compel Conner to answer Interrogatories 19 and 20 and Request for Admission 5. (Ex. 2, Interrogs. 19, 20; Ex. 3, Req. for Admis. 5.)

### B. Conner Has No Basis to Refuse to Answer Deposition Questions Regarding His Gambling.

Federal Rule of Civil Procedure 30(c)(2) requires that objections in depositions be "stated concisely in a nonargumentative and nonsuggestive manner" and a "person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)" to terminate or limit the scope of the deposition. Despite the nonexistence or even claim of such a privilege or limitation, Conner's counsel has threatened to prevent his client from responding to questions related to Conner's

7

gambling during Conner's upcoming deposition, noticed for March 2, 2021. (Ex. 7.) Furthermore, as discussed above, there is no valid basis for the Court to impose such a limitation during discovery because Conner's gambling is relevant to his alleged emotional-distress damages. *See supra* 6–7. The Court should therefore compel Conner to answer any questions in his deposition related to his gambling.

II. **The Court Should Compel Conner to Answer Interrogatories and Produce Medical Records Regarding His Damages for Emotional Harm.**

The Board seeks medical records and identification of treating physicians related to Conner's alleged emotional distress damages. (Doc. 9, ¶ 110; Ex. 1, Interrog. 14.) Conner alleges that he suffered certain emotional injuries—including his gambling—that impacted him in various ways as a result of the discrimination he purportedly experienced during his employment. (Ex. 1, Resp. to Interrog. 15.) Therefore, his medical records concerning his physical condition and emotional state are relevant to his damages claim. To the extent Conner argues his medical records are privileged and therefore not discoverable under Federal Rule of Civil Procedure 26(b)(1), that is incorrect. (Ex. 1, Resp. to Interrog. 14.) The Seventh Circuit has expressly held that HIPAA does not create a physician-patient or medical records privilege. *U.S. v. Bek*, 493 F.3d 790, 802 (7th Cir. 2007). And "although there is a psychotherapist-patient privilege in federal cases, . . . that privilege is not absolute. If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state." *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006); *Taylor v. City of Chicago*, No. 14 C 737, 2016 U.S. Dist. LEXIS 62620, *14, 30 (N.D. Ill. May 2, 2016) (a plaintiff waives the psychotherapist-patient privilege "whenever emotional distress damages of any kind are sought"). Accordingly, Conner's medical records are discoverable, and this Court should compel their production.

**III.    The Court Should Compel Conner to Produce His 2019 Tax Returns.**

Request for Production 14 requests Conner's tax returns, which are at issue in this ligation for several reasons. (Ex. 4, Req. for Prod. 14.) Tax returns are relevant, for discovery purposes, where a litigant has put "the level and sources of his income at issue." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74–75 (7th Cir. 1992). In *Poulos*, the Seventh Circuit held that the district court did not abuse its discretion in ordering the production of plaintiff's tax returns because the plaintiff's income was relevant to the amount of damages he claimed he incurred following his termination. *Id.* Conner has placed his income at issue as he alleges that he was harmed as a result of not being assigned overtime and seeks recovery of "lost wages."

Conner has also admitted in his interrogatory responses to gambling that is purportedly related to his emotion harm damages. The Board has the right to discover whether his gambling has impacted his income and his emotional state as opposed to the allegations in the Amended Complaint. *See Raymond v. Ameritech Corp.*, No. 03 C 4509, 2004 U.S. Dist. LEXIS 8083, at *9–10 (N.D. Ill. May 7, 2004) (holding plaintiff's credit card statements and casino records discoverable where plaintiff alleged emotional-distress damages because defendant had the right to know whether the plaintiff's financial state contributed to her damages). Conner put "the level and sources of his income at issue" such that his tax returns are relevant to calculate any damages. *See Johnson v. Soo Line R.R. Co.*, No. 17 C 7828, 2019 WL 4037963, at *2 (N.D. Ill. Aug. 27, 2019). Although the Board has access to the W-2s that it issued Conner, it has no access to any other schedules that would reveal the totality of Conner's reported income. The Board has the right to explore what, if any, other income Conner has reported.

## CONCLUSION

For the above reasons, the Court should compel Conner to (1) answer Interrogatories 14, 19 and 20, Request for Admission No. 5, and Request for Production 14, and (2) Order Conner to answer questions regarding his admitted gambling during Conner's upcoming deposition.

Dated: February 17, 2021

Respectfully submitted,
THE BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS

*/s/ Nicholas A. Gowen*
One of Its Attorneys

Stephen H. Pugh – ARDC No. 2262177
(spugh@burkelaw.com)
Nicholas A. Gowen – ARDC No. 6280123
(ngowen@burkelaw.com)
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, 21st Floor
Chicago, IL 60611
Tel: 312.840.7088 / Fax: 312.840.7900

## **STATEMENT OF COMPLIANCE WITH FRCP 37(a)(1) AND LOCAL RULE 37.2**

The parties have consulted by telephone and electronic mail to resolve differences regarding the issues presented above and are unable to reach an accord. These consultations occurred at least on the following occasions:

- December 17, 2020; Letter from Defendant's counsel (Nicholas Gowen) to (then *pro se*) Plaintiff Charlie Conner

- December 28, 2020; Letter from Plaintiff's counsel (Andre Gaston) to Defendant's counsel (Nicholas Gowen)

- December 29, 2020; Letter from Defendant's counsel (Nicholas Gowen) to Plaintiff's counsel (Andre Gaston) regarding December 17, 2020 Letter to Charlie Conner

- January 31, 2021 at approximately 9:57 p.m. central: Email correspondence between Defendant's counsel (Nicholas Gowen) and Plaintiff's counsel (Andre Gaston)

- February 2, 2021: Telephone conference between Defendant's counsel (Nicholas Gowen) and Plaintiff's counsel (Andre Gaston)

- February 8, 2021 at approximately 5:02 p.m. central: Email correspondence between Defendant's counsel (Nicholas Gowen) and Plaintiff's counsel (Andre Gaston)

- February 11, 2021 at approximately 2:12 p.m. central: Email correspondence between Defendant's counsel (Nicholas Gowen) and Plaintiff's counsel (Andrew Gaston)

Dated: February 17, 2021

                                              THE BOARD OF TRUSTEES OF THE
                                              UNIVERSITY OF ILLINOIS

                                              */s/ Nicholas A. Gowen*
                                              One of Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2021, I will electronically file the foregoing Motion to Compel Report with the Clerk of Court using the CM/ECF system:

By: */s/ Nicholas A. Gowen*
Counsel for Defendant