# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLIE CONNER,<br><br>　　　Plaintiff,<br>　v.<br><br>THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS,<br>　　　Defendant. | Case No: 1:19-cv-00846-MSS-SIS |

## DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S COUNSEL MOTION TO WITHDRAW

Now comes Defendant, The Board of Trustees of the University of Illinois (the "Board"), through its undersigned counsel, to oppose Plaintiff's Counsel's Motion to Withdraw (Dkt. No. 92).

1.　Defendant and its counsel would typically not object to an opposing counsel seeking to withdraw due to "fundamental disagreements" between litigant and counsel. (*Id*.) However, here, it is in the best interest of the Court and the Board to not permit counsel's withdrawal.

2.　The parties are only three days away from the close of fact discovery, and the Board has filed a Motion to Compel (Dkt. No. 90) to obtain answers to discovery related to (a) Plaintiff's alleged damages, and (b) Plaintiff's defenses to the Board's affirmative defenses.

3.　The requested discovery that has not been answered arose as a result of Plaintiff's deposition testimony that occurred in March 2021. Considering that Plaintiff's counsel had previously informed the Board's counsel on multiple occasions that he was prepared to produce amended discovery responses but was waiting for his client to provide a verification, it is likely

that the intransigence and refusal to produce discovery is on the part of Plaintiff. (*See,* Dkt. No. 90 at Exs. D, E, F.)

4. Plaintiff is now preparing to cycle through the second set of capable lawyers in less than six months. Plaintiff has demonstrated that he is incapable or uninterested in acting as a pro se litigant. During the latter part of 2020, after his first counsel withdrew, Plaintiff as a pro se litigant failed to respond to discovery, failed to communicate with counsel for the Board, and did nothing to move the case forward. (See Dkt. Nos. 73-74.) That has been markedly different during the four months that Plaintiff's current counsel has been involved. It is unlikely that Plaintiff will find another lawyer to represent him at this late stage of litigation without requesting that the Court authorize another delay.

5. Plaintiff should not be permitted to further delay this proceeding by failing and refusing to cooperate with discovery (and apparently also failing to cooperate with his lawyers).

6. This Court should deny Plaintiff's counsel's Motion to Withdraw at least until after (a) fact discovery is closed and all discovery disputes resolved, and (b) until after briefing of dispositive motions.

7. In the alternative, if the Court does permit Plaintiff's counsel's withdrawal, it should further dismiss the case as a sanction against Plaintiff for continued refusal to cooperate with discovery and the administration of this case, as the Court previously threatened. (*See* Dkt. No. 74.)

## CONCLUSION

For the above reasons, the Court should not permit Plaintiff's counsel from withdrawing from representing Plaintiff until (a) fact discovery is closed and all discovery disputes resolved, and (b) until after briefing for dispositive motions, and grant any other relief that the Court deems appropriate.

| | |
|---|---|
| Dated: April 27, 2021 | Respectfully submitted,<br>THE BOARD OF TRUSTEES OF THE<br>UNIVERSITY OF ILLINOIS<br><br>*/s/ Nicholas A. Gowen*<br>One of Its Attorneys |

Stephen H. Pugh – ARDC No. 2262177
(spugh@burkelaw.com)
Nicholas A. Gowen – ARDC No. 6280123
(ngowen@burkelaw.com)
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, 21st Floor
Chicago, IL 60611
Tel: 312.840.7088 / Fax: 312.840.7900

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2021, I will electronically file the foregoing Joint Status Report with the Clerk of Court using the CM/ECF system.

By: /s/ Nicholas A. Gowen

*Counsel for Defendant*